Ernest **SMITH**, Appellant,

v.

**MARYLAND CASUALTY COMPANY**
et al., Appellees.

No. 16900.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1958.

he had walked to remove a wheelbarrow of cement, collapsed when the cable supporting the platform let go. This hoist was a piece of rental or lease equipment obtained by Winchester Bros. from H. S. Finke Co. on a daily lease or rental basis and was delivered to Winchester by Finke in an unerected position to the job site. Erected by Winchester at the site of the construction operation, it was thereafter used by Winchester and its employees and was operated by an operating engineer hired by Winchester. It is conceded that Finke had no control over the Buck hoist once it was delivered to the construction job where it was to be used. After delivery of the hoist and at the time of the accident no employee of Finke was present.

As a result of the accident, Winchester's workmen's compensation insurer, United States Fidelity and Guaranty Co., paid $8,678 for plaintiff's injury and medical expenses, and an action in tort was filed by Ernest Smith against the Maryland Casualty Co., insurer in liability of Finke, which in turn impleaded Winchester and its insurer, U. S. F. & G. Co. The U. S. F. & G. Co. filed an intervention for compensation and medical expenses expended for and in behalf of Ernest Smith.

The basis of impleading the U. S. F. & G. Co. lay in an "hold harmless" agreement on the reverse side of the contract of lease signed by one of the Winchester brothers.

At the close of the trial a motion for a directed verdict was filed by both sides, the trial judge reserved ruling thereon and permitted the case to go to the jury, and a verdict was found for the defendant, the Maryland Casualty Co. The motions timely filed by appellant herein for a new trial and judgment N. O. V. denied, there was a judgment on the verdict for defendant.

Appealing from that judgment, plaintiff is here presenting only one ground of error, that the trial judge erred as a matter of law in refusing to direct a verdict, to enter judgment N. O. V. and to grant a new trial.

---

Arnold C. Jacobs, New Orleans, La., for appellant.

Breard Snellings and Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant-appellee Maryland Casualty Company.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Ernest Smith, complainant below, a construction laborer employed by Winchester Bros. Construction Co., sustained injuries when a Buck hoist, aboard which

The facts are simple and clear. Finke's employee, Johnson, testified without contradiction that prior to the delivery of the hoist to Winchester he had carefully checked the hoist and all of the cable clamps to see that they were properly tightened and had run the hoist and determined that it was in perfect operating condition. Morris, the employee of Finke who delivered the hoist to Winchester, corroborated this testimony and further testified that he then delivered the hoist to Winchester and obtained a signed receipt, leaving the hoist in its folded and unerected position in the place where Winchester had directed that it be left. There was no evidence submitted by plaintiff that the machine was not in perfect condition when it was delivered to Winchester and there was testimony that if the clamps are properly tightened the hoist cannot fall. It is upon this testimony that appellant argues that since it did fall it must be concluded that Finke had failed to properly tighten them.

Replying to this contention, appellee points to the evidence showing: (1) that the accident occurred a day or so after the hoist had been delivered to Winchester; (2) that plaintiff's expert witness testified that the clamps could work loose and that a careful check should be kept on them; (3) that the platform slipped several times before the accident; and (4) that the plaintiff himself had seen the platform slip but had called no one's attention to it and had continued stepping on the platform from the second story. Based thereon it insists that upon the evidence as a whole the jury's verdict for the defendant was justified, if not required.

■ We agree that this is so. Without any objection on the part of plaintiff to any of the instructions given, the district judge submitted the case to the jury on all the issues to which the evidence gave rise. These issues were: whether the defendant was negligent in any particular, which was the proximate cause of the accident; whether if it was, there was intervening negligence on the part of Winchester, which was the proximate cause of the injury, Nishida v. E. I. DuPont, 5 Cir., 245 F.2d 768; and whether the plaintiff himself was guilty of contributory negligence, which was a proximate cause of his injury.

■ When, as here, a verdict is attacked on the ground that it is not supported by the evidence, this court must view the evidence in the light most favorable to the verdict. So viewing it, it is impossible for us to say that it is without evidentiary support and must be set aside.

The judgment was right. It is affirmed.